IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON RICHARD GOLUB, § § Plaintiff, § § v. § § 07 CV 6308 (JGK) § TRANS UNION LLC and NATIONWIDE § RECOVERY SYSTEMS, INC., § § Defendants. § § | |

MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Defendant Nationwide Recovery Systems, Ltd. ("Nationwide"), incorrectly named as Nationwide Recovery Systems, Inc., respectfully submits this memorandum of law in support of Nationwide's motion to dismiss the complaint, filed on July 10, 2007 (the "Complaint"), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

PRELIMINARY STATEMENT

The overarching theme of Plaintiff's claims against Nationwide is that Nationwide reported inaccurate information to a credit reporting agency and failed to correct it. Plaintiff thus asserts violations of the Federal Credit Reporting Act ("FCRA"). But a review of the factual allegations of the Complaint undermines Plaintiff's own legal theory, as the factual allegations demonstrate that Nationwide actually reported accurate information.

Instead, the Complaint -- and its lengthy recitation of Plaintiff's displeasure with his cellular telephone service provider -- betrays itself for what it really is: a transparent effort to remedy his disappointment about "dropped" calls. That, of course, is not what the FCRA intends.

For the reasons set forth below, the Complaint should be dismissed for failure to state a claim.

## BACKGROUND

Plaintiff expends significant effort describing his dissatisfaction with certain cellular telephone services provided to him by Cingular Wireless, L.L.C. ("Cingular"). Because of his displeasure with Cingular, Plaintiff alleges that he refused to pay to Cingular an outstanding balance of approximately $500 (the "Account"). *See* Complaint ¶¶ 13-15. Plaintiff thus acknowledges the existence of an unpaid account with Cingular in the amount of approximately $500. Plaintiff further alleges that Cingular placed the Account with Nationwide, a collection agency. Complaint ¶ 16.

Thereafter, Nationwide reported the debt to TransUnion as an "open account" that was "placed for collection." Complaint ¶ 24. Plaintiff complains, however, that he should not have to pay the underlying debt to Cingular because of its provision of "defective wireless telephone service." Complaint ¶ 24. Plaintiff therefore contends that the representations on his TransUnion credit report -- that he has an "open account" that was "placed for collection" (Complaint ¶ 24) -- are inaccurate. Plaintiff's conclusion, however, does not follow from its premise.

## ARGUMENT

This motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, tests the sufficiency of the Complaint. On such a motion, the court presumes the factual allegations in the Complaint to be true, and views them in the light most favorable to the plaintiff, in order to determine whether the plaintiff has stated any valid ground for relief. *Ferran v. Nassau*, 11 F.3d 21, 22 (2d Cir. 1993). But while the Court must consider all reasonable inferences in favor of Plaintiff, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1059 (2007) (internal quotation omitted); *Smith v. City of New York*, No. 05 Civ. 10465, 2006 WL 3635317 (the Court "need not give 'credence to plaintiff's conclusory allegations' or legal conclusions offered as pleadings").  As recognized by the Second Circuit, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).

A.     <u>The Complaint Fails To State A Claim For Violations of 15 U.S.C. §1681s-2(b)</u>

The first and third causes of action assert claims against Nationwide for, respectively, negligently and willfully violating section 1681s-2(b) of the FCRA.  Plaintiff's claims are meritless.

A consumer reporting agency, such as TransUnion, who receives notice of a dispute from any consumer or reseller to provide notification to the provider of the information in dispute. 15 U.S.C. §1681i(a)(2)(A).  After receiving notice pursuant to 15 U.S.C. §1681i(a)(2) of a dispute concerning the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; and
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

15 U.S.C. § 1681s-2(b)(1).

Here, however, the "investigation" issue is a red-herring.  Plaintiff acknowledges that he refused to pay to Cingular an outstanding balance of approximately $500, and that Cingular placed the Account with Nationwide, a collection agency.  Complaint ¶ 16.  Nationwide thus reported the debt to TransUnion as an "open account" that was "placed for collection."  Complaint ¶ 24.  Indeed, Plaintiff does not dispute owing the amount charged; rather, his only dispute is with the quality of Cingular's cellular services.  Plaintiff thus improperly invokes the protections of the FCRA and targets Nationwide in an attempt to seek relief for "dropped" calls by Cingular.  The FCRA is not intended to serve such a purpose.

Nor, in any event, could Nationwide be liable for TransUnion's failure to delete or remove the Account from Plaintiff's credit report.  Plaintiff alleges that Nationwide violated 15 U.S.C. § 1681s-2(b) by negligently or willfully failing and refusing to remove the disputed item after receiving due notice of Plaintiff's dispute from TransUnion.  Complaint ¶ 49.  But here, the information was accurate; moreover, the FCRA does not require a "furnisher" -- like Nationwide -- to tell a consumer reporting agency what to delete or add to a credit report.  *See Mann v. Experian Info. Solutions*, 2004 U.S. Dist. LEXIS 2377 *14 (N.D.Ill. Feb. 19, 2004), citing *Wade v. Equifax*, 2003 U.S. Dist. LEXIS 15686 *3 (Sept. 8, 2003).  The FCRA simply does not impose a duty on Nationwide to regulate what TransUnion reports.

Because the Complaint concedes that the information provided by Nationwide was accurate (Complaint ¶¶ 13-15 and 30), TransUnion would not have been obligated to change or remove any item from Plaintiff's report.  Accordingly, Plaintiff has failed to state a claim under 15 U.S.C. § 1681s-2(b).

B. <u>The Complaint Fails To State A Claim For Violations of 15 U.S.C. §1681-o</u>

Plaintiff's fourth cause of action alleges that Nationwide, in violation of 15 U.S.C. § 1681o, failed to "adopt reasonable procedures for meeting the need of commerce for consumer

credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information." Complaint at ¶ 54. While Plaintiff fails to identify the specific provision of the FCRA that Nationwide violated by not adopting reasonable procedures, it would appear from the Complaint that Plaintiff asserts a claim under 15 U.S.C. § 1681e. Section 1681e(a) provides, "Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USCS § 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USCS § 1681b]." 15 U.S.C. §1681e(a).

As set forth in the Complaint, Nationwide is not a consumer reporting agency, but is "a furnisher of consumer credit information." Complaint at ¶ 3. Thus, Nationwide was not under any duty to maintain and adopt reasonable procedures pursuant to 15 U.S.C. § 1681e.

Accordingly, the Complaint fails to state a claim for which relief may be granted for Nationwide's alleged violations of 15 U.S.C. §1681o and 15 U.S.C. § 1681e.

C.   Plaintiff Failed to State a Claim for State Law Credit Defamation

Plaintiff alleges that Nationwide's reporting of the Account constituted defamation under New York law. Plaintiff's defamation claim fails because his state law claim for defamation is preempted by the FCRA and the information on Plaintiff's credit report was true.

1.   Plaintiff's State Law Claim For Defamation Is Preempted By The FCRA

The FCRA preempts Plaintiff's state law claim of defamation. Specifically, Section 1681t preempts any attempt by Plaintiff to use state law to impose a duty on Nationwide with regard to information provided to credit reporting agencies.

Section 1681t provides, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting

agencies." 15 U.S.C. § 1681t(b)(1)(F).  Section 1681s-2 of the FCRA in turn provides that "furnishers of information to credit reporting agencies," such as Nationwide, have the responsibility to provide accurate information to consumer reporting agencies. 15 U.S.C. §§ 1681s-2(a)(1) and (a)(2).

Recently, a court in this District dismissed a state law claim because section 1681t(b)(1) of the FCRA "indicates a **complete** preemption of state law claims arising out of consumer disputes with 'furnishers of information.'" *See Gross v. Washington Mutual, Inc.*, 2007 U.S. Dist. LEXIS 34837 *14-15 (S.D.N.Y. May 10, 2007) (J. Carter) (emphasis added).  Thus, the plain meaning of Section 1681t clearly eliminates *all* state causes of action against furnishers of information for the furnishing of inaccurate information to credit reporting agencies. *See*, *e.g.*, *Hasvold v. First USA Bank, N.A.*, 194 F.Supp.2d 1228, 1239 (D.Wyo. 2002); *Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356, 361-62 (E.D.Pa. 2001).

Plaintiff's claim for credit defamation attempts to impose a requirement or prohibition on Nationwide with respect to its duties to provide accurate information to credit reporting agencies under Section 1681s-2.  This type of state law claim, however, is exactly what Section 1681t prohibits; therefore, the Complaint fails to state a claim for defamation. *See Gross*, 2007 U.S. Dist. LEXIS 34837 *14-15.

The Complaint, moreover, fails to allege facts sufficient for a finding that Nationwide, while reporting admittedly accurate information (Complaint ¶¶ 13-16 (acknowledging open account placed with a collection agency)), somehow acted "willfully, maliciously and in wanton and reckless disregard of the truth and veracity of the same with the intent to injure plaintiff's good name, reputation and credit."  Complaint ¶ 68.  Aside from invoking various buzzwords, like "willfully" and "maliciously," the Complaint is devoid of factual allegations tending to

support the contention that Nationwide acted with malice or willful intent to injure the plaintiffs. *See Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Kane*, 2005 U.S. Dist. LEXIS 17052 *26-27; *Gross*, 2007 U.S. Dist. LEXIS 34837 *15.

    2.    <u>The Information On Plaintiff's Credit Report Was Not False</u>

Under New York law, a plaintiff must demonstrate four elements to establish a cause of action for defamation: "(1) a false statement, (2) publication without privilege or authorization to a third party, (3) by at least a negligence standard of fault and (4) the statement either causes special damages or constitutes defamation per se." *Matthews v. Malkus*, 377 F. Supp. 2d 350, 357 (S.D.N.Y. 2005) (citing *Public Relations Soc'y of Am., Inc. v. Road Runner High Speed Online*, 8 Misc. 3d 820, 799 N.Y.S.2d 847, 2005 WL 1364381, at *2 (N.Y. Sup. 2005)). Truth is an absolute, unqualified defense to a civil defamation action. *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 301 (2d Cir. 1986).

Here, as demonstrated above, Plaintiff admits that the information provided by Nationwide -- that Plaintiff had an "open account" that had been "placed for collection" -- is accurate. *See* Complaint at ¶ 13-15.

Because Plaintiff has admitted that Nationwide provided accurate information to TransUnion, Plaintiff has failed to state a claim upon which relief may be granted. For this reason too, this Court should dismiss Plaintiff's state law claim for credit defamation.

## CONCLUSION

For the foregoing reasons, Nationwide respectfully requests that this Court grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), that Plaintiffs' claims be dismissed with prejudice, and that the Court award any other and further relief to which Nationwide may be entitled.

Dated: New York, New York
      August 24, 2007

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By:  /s/ Jeffrey I. Wasserman
    Jeffrey I. Wasserman (JW-9619)
    1177 Avenue of the Americas
    New York, New York 10036-2714
    T: (212) 508-6100
    F: (212) 508-6101

ATTORNEYS FOR DEFENDANT,
NATIONWIDE RECOVERY SYSTEMS, LTD.