NEHEMIAH S. GLANC, ESQUIRE
Attorney for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212-838-4811
fx: 212-838-4869
NSG 7264

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X   Docket No.07 CIV-6308
AARON RICHARD GOLUB,                    (JGK)(ECF)

              Plaintiff,            **DECLARATION IN OPPOSITION**

      -against-

TRANS UNION LLC and NATIONWIDE RECOVERY
SYSTEMS, LTD.,

             Defendants.
------------------------------------X

    AARON RICHARD GOLUB, hereby declares as follows:

    1.    I am the plaintiff in the above captioned case and am fully familiar with the facts and circumstances herein. I submit this declaration in support of my opposition to defendant Nationwide Recovery Systems, Ltd.'s ("NRS") motion to dismiss my complaint (Ex. 1) and in support of my cross-motion to amend my fourth, fifth and sixth causes of action (Ex. 13).

    2.    My complaint against defendants arises from defendants' inaccurate, misleading and libelous reporting and faulty re-investigation of a billing dispute between me and a cellular telephone service provider Cingular Wireless Company ("CWC"). In February, 2005, based on certain misrepresentations by CWC, I entered into a one year contract with CWC for the

provision of wireless telephone services (Ex. 1 pars. 5-17). CWC's wireless telephone network provided defective services and I terminated the contract in November, 2005 (Ex. 1, pars. 5-11).

3. From the time I terminated the CWC contract in November, 2005 through the present, I have been consistently disputing the CWC account. From November, 2005 through April, 2006, I exchanged numerous correspondence with CWC concerning its defective cellphone services and my extreme dissatisfaction with CWC's attempts to collect any debt allegedly owed for CWC's defective cellphone services (Ex. 12 and 14). In fact, CWC has previously admitted their liability for defective services and offered to abrogate any debts I allegedly owed to them (Ex. 12). I rejected CWC's offer of settlement because CWC refused to pay me damages I was entitled to as a result of CWC's defective cellphone services.

4. Contrary to NRS's assertions (Def. Memo p. 4) I am not using the Fair Credit Reporting Act ("FCRA) to obtain relief for my claims against CWC. My claims against CWC for defective services are the subject of a separate action I commenced in July, 2007 in the Supreme Court of the State of New York - captioned <u>Aaron Richard Golub, v. Cingular, et al.</u>, Index No. 109407/07 (Ex. 2). CWC's Answer was only recently served on my counsel on August 31, 2007 (Ex. 11).

5. My claims against NRS are based on its failure to

conduct a reasonable reinvestigation or any investigation into the full and complete nature of my billing dispute with CWC and NRS's incomplete and inaccurate reporting of my dispute to defendant TU.

6. Notwithstanding that defendants were advised and warned several times that CWC's claim against me is and was fully disputed, defendants persist, to this day, in reporting the dispute in my credit report as "Placed For Collection," an "Open Account" and "Collection Agency/Attorney" (Ex. 5 page 1 last entry).

7. NRS's description of my dispute with CWC as "Placed for Collection" without disclosing the account is fully disputed, is either wilful, reckless or grossly negligent and misleading and does not present an accurate or complete picture of the status of the account with CWC (Ex. 6 and 12). NRS, by wilfully or negligently omitting to report the fact that I dispute CWC's claim, creates an image that I am a "deadbeat" debtor who does not or is incapable of paying his bills. I am a high net worth individual with excellent credit relationships and it is beyond cavil that I have been in the past and am willing and able to promptly pay any indebtedness I incur.

8. Had NRS exercised care of any dimension and maintained reasonable procedures and conducted a proper investigation as part of its reporting process, NRS should have, at minimum, added to my report that I dispute CWC's alleged debt.

9.  Based on NRS's grossly and intentional or neglectful inaccurate reporting which it refuses to correct, I among other things, have had difficulties with one of my principal banks (I have over a twenty year relationship with this bank) (Ex. 3 and 4).

10. Prior to sending my April 10, 2007 letter to my bank, I made a demand upon TU for my credit report (Ex. 4). TU initially refused to provide me with a copy of my credit report and made disingenuous offers to provide me with me access to my credit report for a period of 30 days (Ex. 4). It was not until a third party assisted me did TU relent and issued a credit report to me dated April 11, 2007 (Ex. 5).

11. The last entry on the first page of TU's credit report (Ex. 5) describes the status of the CWC debt as "Collection Account" with the remarks "Placed For Collection" and the type of account described as "Collection Agency/Attorney". Conspicuously absent from the report is a statement that the CWC account has been vigorously and legally disputed by me since November, 2005 (Ex. 5).

12. NRS's mischaracterization of the CWC account led to an insulting denial of credit to me (Ex. 3).[1] The incomplete information was and is defamatory and caused me great personal

---

[1] The current situation with my bank is not the subject of this motion, but I will inform the court when it becomes relevant and appropriate to do.

-4-

mental distress and humiliation (Ex. 4).

13. On May 8, 2007, following my discovery of the incomplete and inaccurate information reported to TU by NRS, I sent TU a "Request for Investigation" ("Investigation Request") (Ex. 6). The Investigation Request contained a short summary of the nature of my dispute with CWC as a "billing dispute due to defective wireless service" and attached supporting documentation concerning the history of my dispute with CWC,[2] and a copy of a letter dated May 8, 2007, which my attorney sent to Harry C. Gambill, President and CEO of defendant TU which fully detailed my dispute with CWC.

14. Following TU's receipt of the Investigation Request and supporting documentation, I understand TU was under a legal obligation to notify NRS - TU's furnisher of information - concerning my dispute with TU so that NRS could conduct are-investigation (See Memo and Ex. 7).

---

[2] The supporting documentation concerning my dispute with CWC, which was sent to TU on May 8, 2007 is as follows:

1. March 16, 2006 fax to Mrs. Greer of First Credit Reporting;
2. November 3, 2005 letter to Mr. Kyle Carter, CWC Area manager;
3. November 11, 2005 letter to Mr. Stanley T. Sigman, President and CEO of CWC;
4. January 20, 2006 letter to Mr. Stanley T. Sigman, President and CEO of CWC;
5. February 27, 2006 letter to Mr. Stanley T. Sigman, President and CEO of CWC
6. May 8, 2007 letter to Harry C. Gambill, President and CEO of TU (Ex. 6).

15. On May 15, 2007, I received a response letter from TU advising me that TU was conducting an investigation into the disputed CWC account and confirmed that it was notifying NRS, the source of the disputed information, concerning my dispute (Ex. 7). TU and NRS were under an obligation to have a procedure and (re)investigation mechanism in place which, considering the detailed back-up documentation produced to NRS and TU, should have included contacting me directly concerning the CWC account.

16. On May 17, 2007, I received a letter from TU (Ex. 8) stating that NRS has "verified the account as being accurately reported," a modified copy of the credit report has been sent to me and TU is unable to provide me "with a copy of the **response form** from" NRS (Ex. 8). This modified Report (Ex. 9) is patently false in view of the copious documentation I submitted to TU and through TU to NRS (Exs. 6 and 7). I was surprised to see that TU and NRS's investigation consisted of merely checking boxes in a "response form." At no time during TU and NRS's alleged re-investigation concerning the nature of my dispute with CWC did either TU or NRS contact me. A reasonable re-investigation and/or a reasonable procedure to conduct a reasonable re-investigation should have involved direct contact with me to explain the one outlier on my credit report.

17. TU's new credit report dated May 17, 2007 (Ex. 9) reported the CWC account as "verified, no change" and failed to

report that the CWC account continues to be disputed by me.

18. Both CWC, I assume, and I, certainly possess a complete record of all correspondence exchanged concerning the disputed CWC account. Had TU and/or NRS had any valid or reasonable procedure in place to conduct a reasonable re-investigation concerning the disputed CWC account, TU and/or NRS should have contacted me and discovered the following material information concerning the CWC account:

    i. The full and complete reason I disputed the CWC account (Ex. 6);

    ii. The nearly two year length of my dispute with CWC concerning the CWC account which commenced while I was a CWC customer;

    iii. CWC's prior admission of liability concerning CWC's defective cellphone service and CWC's offer of settlement (Ex. 12).

19. The above points i-iii are material components of any complete and accurate report concerning the CWC account which is necessary to prevent misleading third parties who access my credit report for legitimate purposes such as offer of credit. TU and/or NRS's failure to conduct a reasonable re-investigation and their failure to have a reasonable procedure in place to conduct a reasonable re-investigation resulted, notwithstanding the true state of facts, in TU and NRS brazenly continuing to reporting incomplete and inaccurate information (Ex. 9).

## CROSS-MOTION FOR LEAVE TO AMEND THE FOURTH, FIFTH AND SIXTH CAUSES OF ACTION

20. My fourth and fifth causes of action (Ex. 1, Par. 53-55 and 56-62) allege respectively, NRS's and TU's **negligent** failure to have the proper facilities in place, or a mechanism or procedure in place to comply with the requirements of the Fair Credit Reporting Act including the re-investigation requirements. As part of my opposition to NRS's motion to dismiss I am cross-moving to amend my fourth cause of action against NRS to include **wilful** -in additional to negligent- failure to have such proper facilities, procedure or mechanism in place.

21. Similarly, I am cross-moving to amend my fifth cause of action against TU to include **wilful** -in additional to negligent- failure to have such proper facilities, procedure or mechanism in place to comply with the Fair Credit Reporting Act.

22. I am also seeking to amend my sixth cause of action for defamation against NRS to include TU as a defendant in my defamation claim.

23. Exhibit 13 is the proposed First Amended Complaint and Exhibit 13 also contains a redline version showing all changes to the complaint (Ex. 1).

## I MAY SEEK LEAVE TO AMEND MY COMPLAINT IN THE NEAR FUTURE

24. Following TU's and NRS's repeated failure to correct or delete the CWC item in my credit report, I commenced this action in July, 2007.

25. On August 23, 2007, I sent another letter to TU and NRS (Ex. 10) pursuant to FCRA secs. 1681i(a)(7), 1681i(a)(8)(b), and 1681s-2(a)(3). In that letter I demanded that a statement of dispute be included in all future credit reports concerning my dispute with CWC (Ex. 10). As stated in the penultimate paragraph of my letter (Ex. 10), in the event TU and/or NRS fail to include that certain statement of dispute in future credit reports, I shall seek to amend the complaint to add further causes of action based on such failure.

WHEREFORE, it is respectfully requested that NRS's motion to dismiss the complaint be denied in full, my cross-motion to amend the fourth, fifth and sixth causes of action be granted in full, together with such other and further relief as to this Court seems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of September, 2007 in Los Angeles, California.

_____
AARON RICHARD GOLUB