**Exhibit 2**

PUBLISHER, NYC 10013

𝔖upreme 𝔒ourt of the 𝔖tate of 𝔑ew 𝔜ork
𝔒ounty of   NEW YORK

Index No 109407/07
Date purchased
JULY 9, 2007
Plaintiff(s) designate(s)
NEW YORK COUNTY
County as the place of trial.

The basis of the venue is
LOCATION OF PLAINTIFF AND
DEFENDANTS

AARON RICHARD GOLUB,

*Plaintiff(s)*

against

𝔖ummons

CINGULAR WIRELESS CORPORATION, now known
as AT&T MOBILITY LLC doing business as CINGULAR
WIRELESS, LLC and AT&T Corp.,

*Defendant(s)*

Plaintiff(s) reside(s) at

County of
NEW YORK

To the above named Defendant(s)

𝔜ou are hereby summoned to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within 30 days after the service of this summons, exclusive of the day of service (or within 30
days after the service is complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated,   JULY 9, 2007

Attorney(s) for Plaintiff

Office and Post Office Address
NEHEMIAH S. GLANC, ESQUIRE
42 EAST 64TH STREET
NEW YORK, NEW YORK 10065

Defendant's address:

CINGULAR WIRELESS CORPORATION, now known
as AT&T MOBILITY LLC doing business as CINGULAR
WIRELESS, LLC
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK 12207-2543

AT&T Corp.
C/O CORPORATION SERVICE COMPANY
111 EIGHTH AVENUE
NEW YORK, NEW YORK 10011

NEW YORK
COUNTY CLERK'S OFFICE

JUL  9 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------X Index No.109407/07
AARON RICHARD GOLUB,

                Plaintiff,        **COMPLAINT**
                                (Jury Trial Demanded)

      -against-

CINGULAR WIRELESS CORPORATION, now known
as AT&T MOBILITY LLC doing business as
CINGULAR WIRELESS, LLC and AT&T Corp.,

              Defendants.
-------------------------------------X

      Plaintiff AARON RICHARD GOLUB, by his attorney,

NEHEMIAH S. GLANC, ESQUIRE as and for his complaint, alleges as

follows:

                        **THE PARTIES**

      1.    Plaintiff resides in the City, County and State

of New York.

      2.    CINGULAR WIRELESS CORPORATION ("CWC"), was a

Delaware corporation with headquarters in Atlanta, Georgia and

was acquired by defendant AT&T MOBILITY LLC., ("ATTM") on or

about December 29, 2006.  Upon information and belief, CWC

surrendered (thereby dissolving) its corporate status

immediately following its acquisition by ATTM, and ATTM assumed,

inter alia, all of CWC's contractual obligations and

liabilities.

      3.    Defendant ATTM is a Delaware limited liability

company, with headquarters in Atlanta, Georgia and is a wholly
owned subsidiary of defendant AT&T Corp. ("ATT"), and does
business in the State of New York under the trade name CINGULAR
WIRELESS LLC.

4.    Defendant ATT is a Delaware corporation with
headquarters in San Antonio, Texas and owns defendant ATTM in
its entirety.

5.    Upon information and belief, at all relevant
times herein, defendant ATT, individually or in concert with
others, formulated, directed, dominated or controlled the
policies, acts, or practices of ATTM, including the acts or
practices alleged in this complaint.

6.    Upon information and belief at all relevant times
ATT, wholly controlled and continues to control the actions,
activities and policies of ATTM.  ATT and ATTM, in the facts,
events, agreements and contracts set forth below:

    i.   Are the alter ego of each other; and/or

    ii.  Act as one single corporate entity.

7.    Upon information and belief, at pertinent times
and places ATTM never had, and does not now have, any genuine or
separate corporate existence, but has been used and exists for
the sole or dominant purpose of permitting defendant ATT:

    i.   to transact a portion or all of its wireless
         telephone business under an alleged separate
         corporate guise; and

-2-

    ii.   unjustly attempt to shield itself from
         prospective liability.

**BACKGROUND**

8.   On or about February 1, 2005 plaintiff purchased a Motorola MOTORAZR V3 cellphone ("MOTORAZR V3") and entered into a contract with defendants for the provision of wireless telephone services for a term of one year.

9.   Plaintiff was induced to leave his previous wireless telephone service provider, and enter into a one year contract with defendants for the provision of wireless telephone service and purchase the MOTORAZR V3 as a result of defendants unlawful deceptive acts and false advertising which constitutes a fraud perpetrated on plaintiff in violation of New York Law.

10.   At the time plaintiff entered into his one year contract with defendants, defendants actively advertised and/or marketed themselves as follows:

"America's largest Mobile to Mobile calling community with unlimited calling to over 50 million Cingular customers."

11.   Furthermore, defendants represented that subscribers, such as plaintiff, would be members of:

"All on the ALLOVER™ network, the largest digital voice and data network in America."

12.   Defendants and their agents and representatives made false and fraudulent representations as part of their

-3-

advertising and/or marketing of cellphone services which promised <u>inter alia</u>, superior cellphone service, fewer and/or no dropped calls, fewer cellphone "deadzones", superior customer service, and broader coverage area than their competitors.

13.    The representations made by defendants, their agents and representatives were false and fraudulent.  In fact defendants wireless telephone network provided inconsistent and effectively defective service **without** limitation and as a partial representative sample only, the following:

### LOS ANGELES

October 28, 2005

i.    Beverly Glen and Comstock (Los Angeles), call failed;

ii.    10600 Wilshire garage (Los Angeles), call cannot be completed as dialed;

iii.   11:00 a.m. Speaker phone did not work;

iv.    error message "call cannot be completed as dialed";

v.    12:50 p.m. Sunset before West Gower (Los Angeles) call cannot be completed as dialed;

November 1, 2005

vi.    11:20 a.m. La Cienega and Cadillac(Los Angeles) call cannot be completed as dialed;

vii.   11:25 a.m. La Cienega and La Tijera (Los Angeles) call cannot be completed as dialed (x2),11:27 a.m. Dialed 310-403-0976, Would not call out;

viii.  11:44 a.m. Vicksburg and 96th St. (Los Angeles) call cannot be completed as dialed;

-4-

ix.  No outgoing calls at all on La Cienega;

x.   Cut off speaking to 917-841-7976;

xi.  11:45 a.m. same message;

xii. 11:46 got through to 310-403-0976;

xiii.12:40 p.m.110 Freeway, dialed 631-287-0041, call
     cannot be completed as dialed;

xiv. dialed 212-752-3040, call cannot be completed as
     dialed;

### NEW YORK CITY

**November 2, 2005**

xv.  208 720 0300, 58th - 62nd on Madison Ave, (New
     York City) called failed (twenty five times).

     14.  On or about November 2, 2005, plaintiff
terminated his contract with defendants and demanded the
immediate reimbursement of all monies paid to defendants from
February 2005 to November 2005 which totaled $2,326.48.

     15.  By letter dated April 4, 2006 from defendants to
plaintiff, defendants admitted their liability for defective
cellphone service.  Furthermore, defendants offered to settle
all of plaintiff's claims against defendants by crediting
plaintiff's cellphone account $498.09, but refused to reimburse
any and all monies paid by plaintiff to defendants from February
2005 to November 2005 which totaled $2,326.48, as demanded by
plaintiff.  Plaintiff did not respond to defendants April 4,
2006 letter and rejected defendants offer of settlement.

-5-

**AS AND FOR A FIRST CAUSE OF ACTION**
(VIOLATIONS OF GENERAL BUSINESS LAW SECTION 349)

16.   Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

17.   New York General Business Law ("GBL") § 349 prohibits any business or person from engaging in deceptive business practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York.

18.   Defendants actively advertised and marketed their cellular services in the State of New York.  Defendants engaged in deceptive business practices by falsely and fraudulently advertising their cellular products and services and making numerous false and fraudulent representations as part of their marketing of cellphone services in New York which promised _inter alia_, superior cellphone service, fewer and/or no dropped calls, fewer cellphone "deadzones", superior customer service, and broader coverage area than their competitors.  Defendants' conduct was consumer-oriented and/or part of a pattern directed at the public generally.

19.   The representations made by defendants through their agents and representatives induced plaintiff to terminate his relationship with his previous wireless telephone service provider and to enter into a cellphone service agreement with

-6-

defendants and to purchase a new cellphone from defendants.

20.   Defendants have repeatedly and persistently engaged in deceptive business practices, in violation of N.Y. Gen. Bus. Law § 349.

21.   As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of $50,000.00 plus appropriate interest thereon.

**AS AND FOR A SECOND CAUSE OF ACTION**
(VIOLATIONS OF GENERAL BUSINESS LAW SECTION 350 and 350-a)

22.   Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

23.   N.Y. Gen. Bus. Law § 350 prohibits false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state. N.Y. Gen. Bus. Law § 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations … ."

24.   Defendants have repeatedly and persistently

-7-

engaged in false advertising, in violation of GBL § 350 by actively and consistently advertised their wireless telephone service as:

> "America's largest Mobile to Mobile calling community with unlimited calling to over 50 million Cingular customers."

> "All on the ALLOVER™ network, the largest digital voice and data network in America."

25.  Defendants' conduct was consumer-oriented and/or part of a pattern directed at the public generally.

26.  As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of $ 50,000.00 plus appropriate interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION
(Fraudulent Inducement)

27.  Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

28.  To induce plaintiff to terminate his relationship with his previous wireless telephone service provider and to enter into a one year contract with defendants and to purchase the MOTORAZR V3, defendants falsely and fraudulently represented to plaintiff that, _inter alia_ defendants wireless service was and is superior to their competitors, has and had fewer and/or no dropped calls, has and had fewer cellphone "deadzones", has and had superior customer service, and has and had broader coverage area than their competitors.  Defendants omitted to

-8-

mention to plaintiff that defendants' cellphone service was defective and prone to dropping calls, consistently failed to connect calls, consistently failed to dial out and/or receive calls on a regular basis.

29. Defendants made such misrepresentations and omissions to plaintiff with knowledge of their falsity with the intent and for the purpose of inducing plaintiff to terminate his prior contract and to enter into a new one year contract with defendants and to purchase the MOTORAZR V3 from defendants.

30. Plaintiff actually and justifiably relied on the misrepresentations and omissions of defendants in terminating his relationship with his prior cellphone service provider.

31. Plaintiff, believing the truth of defendants statements and misrepresentations in entering into a one year contract, purchasing the MOTORAZR VS and paying for defective cellphone service which plaintiff would not have done had plaintiff known the truth of the matter and accordingly has been damaged.

32. As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of $2,326.48 plus appropriate interest thereon.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Civil Penalties Pursuant to GBL § 350-d)

33. Plaintiff repeats and realleges all of the

-9-

foregoing allegations as if fully set forth herein.

34.    Defendants multiple acts of deceptive and false advertising of their wireless cellphone service subjects defendants to civil penalties in the amount of $500.00 for each deceptive practice and false advertisement pursuant to GBL § 350-d.

35.    As a result of the foregoing, defendant should be ordered to pay plaintiff $500.00 for each deceptive practice and false advertisement pursuant to GBL § 350-d.

**WHEREFORE**, plaintiff demands judgment against defendants as follows.

a.    On the First Cause of Action, against defendants ATTM and ATT, jointly and severally, for a sum in excess of $ 50,000.00, the precise amount to be proven at trial, with appropriate legal interest; together with punitive damages for a sum in excess of $150,000.00, the precise amount to be proven at trial.

b.    On the Second Cause of Action, against defendants ATTM and ATT, jointly and severally, for a sum in excess of $50,000.00, the precise amount to be proven at trial, with appropriate legal interest, together with punitive damages for a sum in excess of $150,000.00, the precise amount to be proven at trial;

c.    On the Third Cause of Action, against defendants

-10-

ATTM and ATT, jointly and severally, for a sum in excess of $2,326.48, the precise amount to be proven at trial, with appropriate legal interest, together with punitive damages for a sum in excess of $150,000.00, the precise amount to be proven at trial.

d.    On the Fourth Cause of Action against defendants, directing defendants ATTM and ATT to pay penalties of $500.00 for each deceptive practice and false advertisement pursuant to N.Y. Gen. Bus. Law § 350-d;

e.    Granting to the plaintiff such other and further relief as this Court shall deem just and proper, together with the costs and disbursements of this action, and reasonable attorney's fees.

**JURY DEMAND**

Plaintiff demands a jury for all claims stated herein.

Dated:    New York, New York
July 9, 2007

Respectfully submitted,

By: _____
Nehemiah S. Glanc
Attorney for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212-838-4811
fx: 212-838-4869

-11-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 109407/07          Year

AARON RICHARD GOLUB,

Plaintiff,

-against-

CINGULAR WIRELESS CORPORATION
now known as AT&T MOBILITY LLC doing business
as CINGULAR WIRELESS, LLC and AT&T Corp.,

Defendants.

**SUMMONS AND COMPLAINT**

Signature (Rule 130-1.1-a)

Print name beneath
NEHEMIAH S. GLANC

Attorney for

*Office and Post Office Address, Telephone*
Nehemiah S. Glanc, Esquire,
42 East 64th Street
New York, New York 10065
212-855-4811

To

Attorney(s) for

Service of copy of the within is hereby admitted

Dated

Attorney(s) for

NEW YORK
COUNTY CLERK'S OFFICE

JUL 9 2007

NOT COMPARED
WITH COPY FILE

---

**NOTICE OF ENTRY**

PLEASE take notice that the within is a (certified) true copy
of a

duly entered in the office of the clerk of the within named
court on

Dated,

Yours, etc.

Attorney for

*Office and Post Office Address*
Nehemiah S. Glanc, Esquire,
42 East 64th Street
New York, New York 10065

To

Attorney(s) for

**NOTICE OF SETTLEMENT**

PLEASE take notice that an order

of which the within is a true copy will be presented for
settlement to the Hon.

on

at          M

Dated,

Yours, etc.

Attorney for

*Office and Post Office Address*
Nehemiah S. Glanc, Esquire,
42 East 64th Street
New York, New York 10065

To

Attorney(s) for