**Exhibit 10**

# Aaron Richard Golub, Esquire, P.C.
## Lawyers

Aaron Richard Golub, Esquire
Nehemiah S. Glanc, Esquire
David Lu, Esquire

argolub@argolub.com
nglanc@argolub.com
dlu@argolub.com

42 East 64th Street
New York, New York 10065

212-838-4811
Facsimile 212-838-4869

August 23, 2007

**BY REGISTERED MAIL - RETURN RECEIPT REQUESTED
AND REGULAR MAIL**

Mr. Harry C. Gambill
President and CEO
Trans Union LLC
555 W. Adams St.
6th Floor
Chicago, IL 60661-3614

Mr. Christopher J. Mathews
CEO
Nationwide Recovery Systems, Ltd.
2304 Tarpley Rd., Ste. 134
Carrollton, TX 75006

Re:   **Aaron Richard Golub v. Trans Union LLC and Nationwide Recovery Systems, Ltd., Index No. 07 CIV-6308.**

Dear Messrs. Gambill and Mathews:

This letter is a demand for relief pursuant to the Fair Credit Reporting Act ("FCRA") sections 15 U.S.C.A. §§ 1681i (a)(7),[1] (a)(8)(b),[2] and 1681s-2(a)(3).[3]

---

[1] FRCA 15 U.S.C.A. § 1681i (a)(7) provides as follows:
"A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description."
FRCA 15 U.S.C.A. § 1681i (a)(6)(B)(iii) states in relevant part as follows:
"...a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available."

[2] FRCA 15 U.S.C.A. § 1681i (a)(8)(b) provides as follows:
"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute."

[3] FRCA 15 U.S.C.A. § 1681s-2(a)(3) provides as follows:
"If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."

Aaron Richard Golub, Esquire, P.C.

Mr. Harry C. Gambill
Mr. Christopher J. Mathews
August 23, 2007
Page -2-

On May 8, 2007, David Lu, Esquire sent a letter to Trans Union LLC ("TU") disputing the contents of my credit report dated April 11, 2007 ("Credit Report"). (copy enclosed). The disputed item appears on page 1 of the Credit Report under the section titled "Adverse Accounts." The disputed item is from Nationwide Recovery Systems ("NRS") No. 4567462, which lists an open account in the amount of $558.00 placed for collection by Cingular Wireless Corp. ("CWC"). I requested that TU conduct an immediate reinvestigation into the alleged debt. Furthermore, I provided provided documentation to TU which presented the complete history of my dispute with CWC regarding CWC's defective wireless telephone services.

On May 15, 2007, TU sent a letter to me stating that TU had initiated an investigation into the disputed item. On May 17, 2007, TU sent a letter to me advising that TU had completed its investigation and had "verified the account as being accurately reported", despite TU's receipt of documentation stating that I have been disputing the CWC account for nearly two years due to CWC's defective wireless telephone services. TU issued a revised Credit Report to me dated May 17, 2007, which stated the reinvestigation results concerning the disputed item as follows: "VERIFIED, NO CHANGE."

On May 17, 2007 a formal request was made by telephone for a copy of TU's report concerning how it verified the accuracy of the alleged debt owed by me to CWC. TU refused to produce such a report without a judicial subpoena in direct violation of FRCA 15 U.S.C.A. § 1681i (a)(7). Demand is hereby made again pursuant to 15 U.S.C.A. § 1681i (a)(7) for a full and complete report from TU providing a description of the procedure used to determine the accuracy and completeness of the disputed information, including the business name and address of any furnisher of information contacted with such information and the telephone number of such furnisher.

My dispute with CWC has not been resolved. Pursuant to 15 U.S.C.A. § 1681i (a)(8)(b) demand is hereby made for the inclusion of the following statement of dispute, <u>which is to be inserted at the beginning of all of my subsequent Credit Reports and in the section disclosing the account with CWC and/or NRS in bold lettering as follows</u>:

"Aaron Richard Golub ("ARG") fully disputes any alleged debt owed to Cingular Wireless Corp. ("CWC") on the grounds that CWC provided defective wireless telephone services to ARG from February 1, 2005 through November 2, 2005. Furthermore, the alleged debt owed by ARG to CWC is presently the subject of two lawsuits in New York by ARG and captioned, <u>Aaron Richard Golub, v. Cingular, et al.</u>, Index No. 109407/07 and <u>Aaron Richard Golub v. Trans Union LLC, et al.</u>, Index No. 07 CIV-6308."

# Aaron Richard Golub, Esquire, P.C.

Mr. Harry C. Gambill
Mr. Christopher J. Mathews
August 23, 2007
Page -3-

      Furthermore, pursuant to 15 U.S.C.A. § 1681s-2(a)(3), demand is hereby made upon NRS for the inclusion of the above statement of dispute in all future submissions by NRS to any and all consumer reporting agencies as defined by 15 U.S.C.A. § 1681 et seq.

      In the event TU and NRS fail to comply with the terms of this letter within 15 days of the receipt of this letter, I shall amend the complaint against TU and NRS to include further causes of action based on such failing.

      None of the above shall be considered as an admission of any type and is without prejudice to or waiver of any of my rights.

                                                               Very truly yours,

                                                               Aaron Richard Golub

ARG/dl
Enclosure