**Exhibit 11**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
AARON RICHARD GOLUB,　　　　　　　　　　　Index No. 109407/07

　　　　　　　Plaintiff,

　　-against-　　　　　　　　　　　　　　　　　　　ANSWER

CINGULAR WIRELESS CORPORATION, now
known as AT&T MOBILITY LLC doing business
as CINGULAR WIRELESS, LLC and AT&T Corp.

　　　　　　　Defendant.
------------------------------------------------------------------X

　　　　Defendant, AT&T Mobility LLC f/k/a Cingular Wireless, LLC ("Cingular"), by its attorneys, McKenna Long & Aldridge LLP, for its answer to the complaint responds as follows:

　　　　1.　　Cingular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies the allegations in paragraph 1.

　　　　2.　　Cingular denies the allegations in paragraph 2.

　　　　3.　　Cingular denies the allegations in paragraph 3, except admits that Defendant AT&T Mobility LLC is a Delaware limited liability company with headquarters in Atlanta, Georgia and is a wholly owned subsidiary of Defendant AT&T Corp.

　　　　4.　　Cingular denies the allegations in paragraph 4, except admits that Defendant AT&T Corp., a Delaware corporation with headquarters in San Antonio, Texas, indirectly wholly owns AT&T Mobility LLC.

　　　　5.　　Cingular denies the allegations in paragraph 5.

6. Cingular denies the allegations in paragraph 6.

7. Cingular denies the allegations in paragraph 7.

8. Cingular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies the allegations in paragraph 8, except admits that Cingular entered into a contract with Plaintiff for a term of one year.

9. Cingular denies the allegations in paragraph 9.

10. Cingular denies the allegations in paragraph 10.

11. Cingular denies the allegations in paragraph 11.

12. Cingular denies the allegations in paragraph 12.

13. Cingular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies the allegations in paragraph 13 to the extent they apply to Cingular.

14. Cingular denies the allegations in paragraph 14.

15. Cingular denies the allegations in paragraph 15.

### FIRST CAUSE OF ACTION

16. Cingular incorporates herein by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

17. Cingular denies the allegations in paragraph 17 to the extent they make factual allegations against Cingular and states that to the extent they assert conclusions of law no response is necessary.

18. Cingular denies the allegations in paragraph 18.

19. Cingular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies the allegations in paragraph 19.

20. Cingular denies the allegations in paragraph 20.

21. Cingular denies the allegations in paragraph 21.

## SECOND CAUSE OF ACTION

22. Cingular incorporates herein by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

23. Cingular denies the allegations in paragraph 23 to the extent they make factual allegations against Cingular and states that to the extent they assert conclusions of law no response is necessary.

24. Cingular denies the allegations in paragraph 24.

25. Cingular denies the allegations in paragraph 25.

26. Cingular denies the allegations in paragraph 26.

## THIRD CAUSE OF ACTION

27. Cingular incorporates herein by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

28. Cingular denies the allegations in paragraph 28.

29. Cingular denies the allegations in paragraph 29.

30. Cingular denies the allegations in paragraph 30.

31. Cingular denies the allegations in paragraph 31.

32. Cingular denies the allegations in paragraph 32.

## FOURTH CAUSE OF ACTION

33. Cingular incorporates herein by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

34. Cingular denies the allegations in paragraph 34.

35. Cingular denies the allegations in paragraph 35.

Any allegations heretofore neither admitted nor denied are now hereby expressly denied. Cingular denies that Plaintiff is entitled to any of the relief sought in his prayer for relief or to any other form of relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

36. Plaintiff fails to state a cause of action against Cingular upon which relief can be granted.

### Second Affirmative Defense

37. Plaintiff's claims are barred, in whole or in part, by the applicable Terms and Conditions of the contract between Cingular and Plaintiff, which expressly limits any claims by Plaintiff for phone or service interruptions, failures to transmit, delays or defects in the service provided by or through Cingular.

### Third Affirmative Defense

38. Plaintiff's claims are barred, in whole or in part, because pursuant to the Terms and Conditions of the contract between Cingular and Plaintiff, Cingular is not liable for Plaintiff's phone or service interruptions.

## Fourth Affirmative Defense

39. Plaintiff's claims are barred because Plaintiff was not damaged by any alleged action or inaction by Cingular.

## Fifth Affirmative Defense

40. Cingular reserves the right to assert additional affirmative defenses to the extent they are revealed during discovery.

AT&T Mobility LLC f/k/a Cingular Wireless, LLC requests that the Court dismiss the complaint with prejudice and award Cingular its costs.

Dated: August 31, 2007
    New York, New York

    Respectfully submitted,

    McKENNA LONG & ALDRIDGE LLP

By: _____
    Charles E. Dorkey III
    Jane Moffat
    230 Park Avenue
    Suite 1700
    New York, New York 10169
    (212) 905-8330

    *Attorneys for Defendant AT&T Mobility*
    *LLC f/k/a Cingular Wireless, LLC*

NY-#12049929