UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| AARON RICHARD GOLUB, | C.A. No: 07-CV-6308 |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANT, TRANS UNION LLC, TO** |
| TRANS UNION LLC; and | **AMENDED COMPLAINT** |
| NATIONWIDE RECOVERY SYSTEMS, LTD., | |
| Defendants. | |

-------------------------------------------------------------x

Trans Union LLC ("Trans Union"), Answers Plaintiff's Amended Complaint as follows:

## THE PARTIES

1-2.   Admits the allegations of paragraphs 1-2 of the Amended Complaint.

3.   No responsive pleading required for allegations directed toward third parties, as alleged in paragraph 3 of the Amended Complaint, except admits that Nationwide Recovery Systems, LTD ("NRS") is a furnisher of information to consumer reporting agencies as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA"), §1681s-2.

## JURISDICTION

4.   Denies that Trans Union willfully or negligently violated the FCRA or other law, as alleged in paragraph 4 of the Amended Complaint, except admits that this Court has jurisdiction pursuant to FCRA §1681p.

## FACTUAL BACKGROUND

5-15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5-15 of the Amended Complaint.

16-17. Denies the allegations of paragraphs 16-17 of the Amended Complaint, except admits NRS furnished information to Trans Union that Plaintiff's account with Cingular Wireless was placed for collection.

18-21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 18-21 of the Amended Complaint, except admits Trans Union published a consumer report to Citi Cards respecting Plaintiff on or about March 29, 2007; Trans Union denies publishing false or defamatory information respecting Plaintiff or otherwise reporting inaccurate information in violation of the FCRA or other law.

22-25. Denies the allegations of paragraphs 22-25 of the Amended Complaint, except admits that, on or about April 11, 2007, Plaintiff requested disclosure of his credit file and Trans Union provided Plaintiff a copy of his disclosure in accordance with the FCRA and all applicable laws, and that the disclosure contained information furnished to it by co-defendant NRS.

26, 32. No responsive pleading required for allegations directed toward third parties, as alleged in paragraphs 26, 32 of the Amended Complaint.

27-28. Denies the allegations of paragraphs 27-28 of the Amended Complaint, except admits that Trans Union received a letter of dispute by regular and certified mail on or about May 10, 2007 (the "Dispute Letter").

29; 33. Denies the allegations of paragraphs 29; 33 of the Amended Complaint. Upon receipt of the Dispute Letter, Trans Union had a duty to reinvestigate pursuant to §1681i(a), and Trans Union complied fully with that duty. Trans Union is not a furnisher of information to consumer reporting agencies and has no duty under §1681s-2(b). Defendant RMS is a furnisher of information to consumer reporting agencies and, upon receipt of the notice of dispute from

Trans Union respecting Plaintiff's dispute, had a duty to investigate pursuant to FCRA §1681s-2(b).

30-31.   Denies the allegations of paragraphs 30-31 of the Amended Complaint, except admits that, as part of Trans Union's §1681i(a) reinvestigation, Trans Union provided NRS notice of dispute; that Trans Union received a response to the notice of dispute from NRS which confirmed the accuracy of the disputed information; that Trans Union notified Plaintiff of the results of the reinvestigation on or about May 17, 2007; and that its reinvestigation was in accordance with §1681i(a) and all applicable laws.  Trans Union denies that it, under these circumstances, it had any obligation to include a statement of dispute under §1681i(a), (b) or (c); §1681s-2(a) or (b); or other law.

34.   Denies the allegations of paragraph 34 of the Amended Complaint and further denies causing Plaintiff harm for which he is entitled to relief.  Denies knowledge or information as to Plaintiff's "networth."

## FIRST CAUSE OF ACTION

35.   Repeats and realleges each and every response to paragraphs 1-34 of the Amended Complaint as if set forth at length herein.

36; 38; 40; 42. Denies the allegations of paragraphs 36; 38; 40; and 42 of the Amended Complaint.  *Cf.* ¶¶22-34 *supra*.

37; 39; 41.   No responsive pleading required for allegations directed toward third parties, as alleged in paragraphs 37; 39; and 41 of the Amended Complaint.  *Cf.* ¶¶22-34 *supra*.

## SECOND CAUSE OF ACTION

43.   Repeats and realleges each and every response to paragraphs 1-43 of the Amended Complaint as if set forth at length herein.

44-47  Denies the allegations of paragraphs 44-47 of the Amended Complaint. *Cf.* ¶¶22-34 *supra*.

### THIRD AND FOURTH CAUSES OF ACTION

48; 53. Repeats and realleges each and every response to paragraphs 1-47 of the Amended Complaint as if set forth at length herein.

49-52; 54-56. No responsive pleading required for allegations directed toward third parties, as alleged in paragraphs 49-52; 54-56 of the Amended Complaint. To the extent such allegations are directed toward defendant Trans Union, Trans Union denies the allegations. *Cf.* ¶¶22-34 *supra*.

### FIFTH CAUSE OF ACTION

57.   Repeats and realleges each and every response to paragraphs 1-56 of the Amended Complaint as if set forth at length herein.

58-64. Denies the allegations of paragraphs 58-64 of the Amended Complaint. *Cf.* ¶¶2; 22-34 *supra*.

### SIXTH CAUSE OF ACTION

65.   Repeats and realleges each and every response to paragraphs 1-64 of the Amended Complaint as if set forth at length herein.

66-72. Denies the allegations of paragraphs 66-72 of the Amended Complaint. *Cf.* ¶¶18-34 *supra*.

WHEREFORE, Trans Union LLC demands judgment dismissing Plaintiff's complaint with prejudice, and awarding it such additional relief as the Court deems just and proper.

**FIRST DEFENSE**

The Complaint fails to state a claim for which relief may be granted.

**SECOND DEFENSE**

Trans Union has, at all material times with respect to Plaintiff, acted in good faith and complied fully with the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA") and relevant state laws.

**THIRD DEFENSE**

Based upon the averments upon which Plaintiff's claim is made, Trans Union is immune from suit under the FCRA.

**FOURTH DEFENSE**

Any harm suffered by Plaintiff was not caused by any act or omission of Trans Union.

**FIFTH DEFENSE**

Any harm suffered by Plaintiff was caused by Plaintiff's own conduct or the conduct of third parties over which Trans Union has no control or authority.

**SIXTH DEFENSE**

With respect to Plaintiff, Trans Union's conduct and the alleged communications were entirely privileged and/or true.

**SEVENTH DEFENSE**

The claims contained in Plaintiff's Complaint, which seek to recover punitive damages, violate the Constitution of the United States of America.

WHEREFORE, Trans Union LLC demands judgment dismissing Plaintiff's complaint with prejudice, and awarding it such additional relief as the Court deems just and proper.

        Respectfully submitted,

        KOGAN, TRICHON & WERTHEIMER, P.C.

        */s/ Timothy P. Creech*
        TIMOTHY P. CREECH
        1818 Market St., 30th Floor
        Philadelphia, PA 19103
        (215) 575-7618; Fax: (215) 575-7688
        email: tcreech@mstkw.com

        *Counsel for Defendant, Trans Union LLC*

DATED:    October 18, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| AARON RICHARD GOLUB, | C.A. No: 07-CV-6308 |
| Plaintiff, | |
| v. | |
| TRANS UNION LLC; and NATIONWIDE RECOVERY SYSTEMS, LTD., | **CERTIFICATE OF SERVICE** |
| Defendants. | |

-------------------------------------------------------------x

Timothy P. Creech, Esq., hereby certifies he caused a true and correct copy of the foregoing Trans Union LLC's Answer to be sent on this date *via* ECF Notification to the following registered user(s):

| | |
|---|---|
| Nehemiah Salomon Glanc<br>Aaron Richard Golub, Esquire<br>42 East 64th Street<br>New York, NY 10021<br>(212) 838-4811; Fax: (212) 838-4869<br>Email: nglanc@argolub.com | Jeffrey Ian Wasserman<br>Bracewell & Giuliani, LLP<br>1177 Avenue of the Americas<br>19th Floor<br>New York, NY 10036<br>(212) 508-6100; Fax: (212) 508-6101<br>Email:<br>jeffrey.wasserman@bracewellgiuliani.com |

*/s/ Timothy P. Creech*
TIMOTHY P. CREECH

DATED:     October 18, 2007