UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON RICHARD GOLUB,<br><br>                       Plaintiff,<br><br>- against -<br><br>TRANS UNION LLC and NATIONWIDE RECOVERY SYSTEMS, INC.,<br><br>                       Defendants. | No. 07 CV 6308 (JGK)<br><br>ANSWER OF DEFENDANT NATIONWIDE RECOVERY SYSTEMS, INC. TO FIRST AMENDED COMPLAINT |

       Defendant, Nationwide Recovery Systems, Inc., ("Nationwide"), by its undersigned counsel, answers the First Amended Complaint (the "Amended Complaint") as follows:

## THE PARTIES

       1.     Paragraph 1 of the Amended Complaint states a legal conclusion to which no response is required. Nationwide otherwise is without sufficient information or knowledge to either admit or deny the allegations concerning Mr. Golub's residence.

       2.     Paragraph 2 of the Amended Complaint states a legal conclusion to which no response is required. Nationwide otherwise is without sufficient information or knowledge to either admit or deny the allegations concerning Trans Union LLC's state of incorporation or the location of its principal office.

       3.     Paragraph 3 of the Amended Complaint states a legal conclusion to which no response is required, but Nationwide admits that it is incorporated in the State of Delaware and maintains its principal office in Carrollton, Texas.

**JURISDICTION**

4. Paragraph 4 of the Amended Complaint states a legal conclusion to which no response is required, but Nationwide denies that it failed to comply with the FCRA and denies any liability to plaintiff.

**FACTUAL BACKGROUND**

5. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 5 of the Amended Complaint.

6. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 6 of the Amended Complaint.

7. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 7 of the Amended Complaint.

8. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 8 of the Amended Complaint.

9. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 9 of the Amended Complaint.

10. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 10 of the Amended Complaint.

11. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 11 of the Amended Complaint.

12. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 12 of the Amended Complaint.

13. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 13 of the Amended Complaint.

14. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 14 of the Amended Complaint.

15. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 15 of the Amended Complaint.

16. Nationwide admits the allegations contained in Paragraph 16 of the Amended Complaint.

17. Nationwide denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. Nationwide denies that it reported inaccurate or incomplete information and is without sufficient information or knowledge to either admit or deny the rest of the allegations contained in Paragraph 18 of the Amended Complaint.

19. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 22 of the Amended Complaint.

23. Nationwide denies that it reported inaccurate or incomplete information and is without sufficient information or knowledge to either admit or deny the rest of the allegations contained in Paragraph 23 of the Amended Complaint.

24. Nationwide denies the allegations contained in Paragraph 24 of the Amended Complaint, but admits that it reported an open account that had been placed for collection in the amount of $558.00 owed by Plaintiff and is without sufficient information or knowledge to either admit or deny whether Plaintiff received defective wireless telephone service.

25. Nationwide denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Nationwide denies the allegations contained in Paragraph 26 of the Amended Complaint.

27. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 27 of the Amended Complaint.

28. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 28 of the Amended Complaint.

29. Paragraph 29 of the Amended Complaint states a legal conclusion to which no response is required.

30. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 30 of the Amended Complaint.

31. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 31 of the Amended Complaint.

32. Nationwide denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Paragraph 33 of the Amended Complaint states a legal conclusion to which no response is required.

34. Nationwide denies the allegations contained in Paragraph 34 of the Amended Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

35. Nationwide incorporates and repeats its response to Paragraph 1 through 34 of the Amended Complaint.

36. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 36 of the Amended Complaint.

37. Paragraph 37 of the Amended Complaint states a legal conclusion to which no response is required.

38. Paragraph 38 of the Amended Complaint states a legal conclusion to which no response is required.

39. Paragraph 39 of the Amended Complaint states a legal conclusion to which no response is required.

40. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 40 of the Amended Complaint.

41. Nationwide denies the allegations contained in Paragraph 41 of the Amended Complaint.

42. Nationwide denies the allegations contained in Paragraph 42 of the Amended Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

43. Nationwide incorporates and repeats its response to Paragraph 1 through 42 of the Amended Complaint.

44. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 44 of the Amended Complaint.

45. The first sentence of Paragraph 45 of the Amended Complaint states a legal conclusion to which no response is required. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in the second sentence of Paragraph 45 of the Amended Complaint.

46. Paragraph 46 of the Amended Complaint states a legal conclusion to which no response is required.

47. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 47 of the Amended Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

48. Nationwide incorporates and repeats its response to Paragraph 1 through 47 of the Amended Complaint.

49. Nationwide denies the allegations contained in Paragraph 49 of the Amended Complaint.

50. Nationwide denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. Nationwide denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Nationwide denies the allegations contained in Paragraph 52 of the Amended Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

53. Nationwide incorporates and repeats its response to Paragraph 1 through 52 of the Amended Complaint.

54. Nationwide denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. Nationwide denies the allegations contained in Paragraph 55 of the Amended Complaint.

56. Nationwide denies the allegations contained in Paragraph 56 of the Amended Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

57. Nationwide incorporates and repeats its response to Paragraph 1 through 56 of the Amended Complaint.

58. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 58 of the Amended Complaint.

59. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 59 of the Amended Complaint.

60. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. Paragraph 61 of the Amended Complaint states a legal conclusion to which no response is required.

62. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 62 of the Amended Complaint.

63. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 63 of the Amended Complaint.

64. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 64 of the Amended Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

65. Nationwide incorporates and repeats its response to Paragraph 1 through 64 of the Amended Complaint.

66. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 66 of the Amended Complaint.

67. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 67 of the Amended Complaint.

68. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 68 of the Amended Complaint, but admits that it reported an open account that had been placed for collection in the amount of $558.00 owed by Plaintiff.

69. Nationwide denies the allegations contained in Paragraph 69 of the Amended Complaint.

70. Nationwide denies the allegations contained in Paragraph 70 of the Amended Complaint.

71. Nationwide denies the allegations contained in Paragraph 71 of the Amended Complaint.

72. Nationwide denies the allegations contained in Paragraph 72 of the Amended Complaint.

73. Nationwide denies that Plaintiff is entitled to any of the relief requested in the "**WHEREFORE**" paragraph.

## AFFIRMATIVE DEFENSES

74. Plaintiff's claims are barred because Plaintiff failed to state a claim upon which relief can be granted against Nationwide.

75. Plaintiff's claim of Credit Defamation is preempted by the Fair Credit Reporting Act.

76. Plaintiff's claim of Credit Defamation is barred because the information on Plaintiff's credit report was not false.

77. Plaintiff's claims are barred because Nationwide accurately and truthfully reported Plaintiff's account as an "open account."

78. Plaintiff's claims are barred because any harm suffered by Plaintiff was caused by Plaintiff's own conduct or the conduct of third parties over which Nationwide has no control or authority.

79. The claims contained in the Amended Complaint, which seek to recover punitive damages, violate the Constitution of the United States of America.

**WHEREFORE**, Nationwide demands judgment dismissing the Amended Complaint with prejudice, and awarding Nationwide such additional relief as the Court deems just and proper.

Dated: New York, New York
November 19, 2007

        Respectfully submitted,

        BRACEWELL & GIULIANI LLP


        By: /s/ *Jeffrey I. Wasserman*
        Jeffrey I. Wasserman (JW-9619)
        1177 Avenue of the Americas
        19th Floor
        New York, New York 10036-2714
        T: (212) 508-6100
        F: (212) 508-6101

        Attorneys for Defendant,
        Nationwide Recovery Systems, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record *via Electronic Case Filing* on November 19, 2007:

Nehemiah S. Glanc                              Timothy P. Creech
42 East 64th Street                            Kogan, Trichon & Wertheimer, P.C.
New York, New York 10065                       1818 Market Street, 30th Floor
                                               Philadelphia, PA 19103

                                                    /s/ Jeffrey I. Wasserman
                                                    Jeffrey I. Wasserman