NEHEMIAH S. GLANC, ESQUIRE
Attorney for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212-838-4811
fx: 212-838-4869
NSG 7264

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 3/17/08              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
AARON RICHARD GOLUB,

                      Plaintiff,

        -against-

TRANS UNION LLC and NATIONWIDE RECOVERY
SYSTEMS, LTD.

                    Defendants.
----------------------------------------X

Docket No.07 CIV-6308 (JGK)
(JGK) (ECF)

**STIPULATION FOR FILING**
**OF SECOND AMENDED COMPLAINT**

    IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Plaintiff may file a Second Amended Complaint, a copy of which is attached hereto.

    IT IS FURTHER STIPULATED that the defendants waive service of the Second Amended Complaint and shall have 30 days from the date of this Stipulation to serve and file responsive pleadings.

Dated:  New York, New York
       March 13, 2008

NEHEMIAH S. GLANC, ESQUIRE
Attorneys for Plaintiff

_____
Nehemiah S. Glanc
42 East 64th Street
New York, New York 10065
ph: 212-838-4811
fx: 212-838-4869
NSG 7264

BRACEWELL & GIULIANI LLP
Attorneys for Defendant
Nationwide Recovery Systems

_____
Kevin T. Schutte
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
ph: 214-758-1039
fx: 214-758-8339
xxxxxx

KOCAD, RICHON & WERTHEIMER, P.C.
Attorneys for defendant Trans Union, LLC

_____
Timothy P. Creech
1818 Market St., 30th Floor
Philadelphia, PA 19103
ph: 215 575-7618
fx: 215 575-7688
TC-7732

3/17/08

NEHEMIAH S. GLANC, ESQUIRE
Attorney for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212-838-4811
fx: 212-838-4869
NSG 7264

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X Docket No.07 CIV-6308
AARON RICHARD GOLUB,                   (JGK)(ECF)

                    Plaintiff,       **SECOND AMENDED
                                     COMPLAINT**
                                     (Jury Trial Demanded)


          -against-

TRANS UNION LLC and NATIONWIDE RECOVERY
SYSTEMS, LTD.

                    Defendants.
-------------------------------------X

          Plaintiff AARON RICHARD GOLUB, by his attorney,
NEHEMIAH S. GLANC, ESQUIRE as and for his complaint, alleges as
follows:

                         **THE PARTIES**

          1.   Plaintiff AARON RICHARD GOLUB is a consumer,
within the definition of the Fair Credit Reporting Act ("FRCA")
15 U.S.C. § 1681a(c), and the Fair Debt Collection Practices
Act ("FDCPA") 15 U.S.C. § 1692a(3) and resides in the State of
New York.

          2.   Defendant TRANS UNION LLC ("TU") is a consumer-
reporting agency, within the definition of 15 U.S.C. §

                            -1-

1681a(f), and is incorporated in the State of Delaware, with its principal office located in Chicago, Illinois.

3.    Defendant NATIONWIDE RECOVERY SYSTEMS, LTD. ("NRS") is a furnisher of consumer credit information and a debt collector within the meaning of, 15 U.S.C. § 1681 et seq., and 15 U.S.C. § 1692a(6) and is incorporated in the State of Delaware, with its principal office located in Carrollton, Texas.

## JURISDICTION

4.    This is an action for statutory, actual and punitive damages arising from defendants' negligent and wilful noncompliance with the provisions of the FRCA and the FDCPA, specifically 15 U.S.C. § 1681 et seq. and, 15 U.S.C. § 1692 et seq., as is hereinafter more fully set forth.  This court has jurisdiction of this action under 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d)  without regard to the amount in controversy.

## FACTUAL BACKGROUND

5.    The facts and circumstances underlying plaintiff's cause of action arise from a billing dispute in 2005 with Cingular Wireless Company, now known as AT&T Mobility LLC, and doing business as Cingular Wireless LLC ("CWC").

6.    On or about February 1, 2005 plaintiff purchased a Motorola MOTORAZR V3 cellphone ("MOTORAZR V3") and entered into a contract with CWC for the provision of wireless telephone

-2-

services for a term of one year.

7.    Plaintiff was induced to leave his previous wireless telephone service provider, and enter into a one year contract with CWC for the provision of wireless telephone service and purchase the MOTORAZR V3 based on CWC's unlawful deceptive acts and false advertising.  CWC represented that CWC provided superior cellphone service, has and had fewer and/or no dropped calls, has and had fewer cellphone "deadzones", has and had superior customer service, and has and had broader coverage area than their competitors.

8.    At the time plaintiff entered into his one year contract with CWC, CWC actively advertised and/or marketed itself as follows:

> "America's largest Mobile to Mobile calling community with unlimited calling to over 50 million Cingular customers."
>                    - and -
>
> "All on the ALLOVER™ network, the largest digital voice and data network in America."

9.    The representations made by CWC, its agents and representatives were false and fraudulent. In fact CWC's wireless telephone network provided inconsistent and effectively defective service **without** limitation and as a partial representative sample only, the following:

**LOS ANGELES**

**October 28, 2005**

-3-

i.   Beverly Glen and Comstock (Los Angeles), call
     failed;

ii.  10600 Wilshire garage (Los Angeles), call cannot
     be completed as dialed;

iii. 11:00 a.m. Speaker phone did not work;

iv.  error message "call cannot be completed as dialed";

v.   12:50 p.m. Sunset before West Gower (Los Angeles)
     call cannot be completed as dialed;

**November 1, 2005**

vi.  11:20 a.m. La Cienega and Cadillac(Los Angeles)
     call cannot be completed as dialed;

vii. 11:25 a.m. La Cienega and La Tijera (Los Angeles)
     call cannot be completed as dialed (x2),11:27 a.m.
     Dialed 310-403-0976, Would not call out;

viii.11:44 a.m. Vicksburg and 96th St. (Los Angeles)
     call cannot be completed as dialed;

ix.  No outgoing calls at all on La Cienega;

x.   Cut off speaking to 917-841-7976;

xi.  11:45 a.m. same message;

xii. 11:46 got through to 310-403-0976;

xiii.12:40 p.m.110 Freeway, dialed 631-287-0041, call
     cannot be completed as dialed;

xiv. dialed 212-752-3040, call cannot be completed as
     dialed;

### NEW YORK CITY

**November 2, 2005**

xv.  208 720 0300, 58th – 62nd on Madison Ave, (New
     York City) called failed (twenty five times).

     10.  As a result of CWC's defective cellphone service,

-4-

on or about November 2, 2005, plaintiff terminated his contract
with CWC and demanded the immediate reimbursement of any and all
monies paid by plaintiff to CWC from February 2005 to November
2005 which totaled $2,326.48.

11.  Between November, 2005 to March, 2006 plaintiff
disputed CWC's attempts to collect on any alleged monies owed to
CWC based on CWC defective cellphone service.

12.  On or about April 4, 2006, CWC contacted
plaintiff via letter and admitted their liability for defective
cellphone service and offered to settle all of plaintiff's
claims by crediting plaintiff's CWC account in the amount of
$498.09, but refused to fully reimburse the $2,326.48 paid by
plaintiff to CWC between February 2005 to November 2005.

13.  As part of CWC's proposed settlement, CWC offered
to not report plaintiff's account as outstanding to credit
agencies.

14.  Plaintiff rejected CWC's offer of settlement
because of CWC's refusal to reimburse the $2,326.48 paid by
plaintiff to CWC.

15.  On or about November 28, 2006 CWC placed
plaintiff's account with a collection agency, defendant NRS.

16.  Since on or about November, 2006, defendant NRS
has been negligently and/or wilfully submitting inaccurate,
misleading, and false reports concerning plaintiff and

plaintiff's general creditworthiness to consumer credit reporting agencies throughout the United States, including without limitation defendant TU, which actions were not in compliance with the requirements of 15 U.S.C. § 1681, et seq and 15 U.S.C. § 1692e(8).

17.   Between April, 2006 and April 2007, plaintiff was completely unaware of the inaccurate and incomplete information NRS reported to TU and other credit reporting agencies.

18.   In March 2007, plaintiff was solicited via telephone by a representative of CITIBANK to apply for the CITI Premier Elite Mastercard ("Card").  Plaintiff applied for and fully expected to receive the Card.

19.   On April 3, 2007, CITIBANK rejected plaintiff for the Card, stating that its "credit decision was based, in whole or in part, on information obtained in a report" from defendant TU.

20.   Plaintiff has been a customer of CITIBANK for over 10 years and prior to CITIBANK's receipt of the false and defamatory information alleged in the report from TU, plaintiff possessed impeccable credit.

21.   Plaintiff made an immediate demand for the TU credit report ("Report").  On April 11, 2007 TU sent a copy of the Report to plaintiff.

22.   Upon receipt of the Report plaintiff discovered

-6-

that NRS had reported inaccurate and incomplete information concerning an alleged debt owed by plaintiff to CWC.

23.  NRS reported an "open account" that had been "placed for collection" in the amount of $558.00 allegedly owed by plaintiff to CWC.  The alleged "open account" was and continues to be disputed by plaintiff due to CWC's defective wireless telephone service.

24.  The information provided by NRS is false and defamatory and NRS and/or its representatives knew that the information was false when NRS reported the information to TU for inclusion in TU's credit report concerning plaintiff.

25.  The information was reported by NRS willfully and/or maliciously and in wanton and reckless disregard of the truth and/or veracity of the same and with the intent to cause injury to plaintiff's good name, reputation and credit.

26.  Upon discovering that certain items of information in TU's Report pertaining to plaintiff were incomplete and inaccurate, plaintiff immediately notified TU concerning the errors and omissions in the Report.

27.  On May 8, 2007, plaintiff notified TU via regular and registered mail with return receipt requested concerning the disputed account allegedly owed by plaintiff to NRS and CWC. Plaintiff provided full and complete information concerning the nature of his billing dispute with CWC and NRS.

-7-

28.   Upon notification by plaintiff concerning the disputed account allegedly owed to NRS, TU was under an obligation pursuant to 15 U.S.C. § 1681s-2(b) to notify NRS of plaintiff's dispute and to conduct a full and complete investigation into the disputed account.

29.   On or about May 17, 2007 TU notified plaintiff via telephone that it had "verified" the debt allegedly owed by plaintiff to NRS.  TU would not provide the particulars of its investigation nor would TU's representative provide the particulars of any information provided by NRS that supports NRS's alleged verification of the alleged debt.

30.   On or about May 17, 2007, TU issued a new credit report to plaintiff which included the results of TU's reinvestigation concerning the disputed account reported by NRS. Despite the fact that plaintiff provided information documenting the full and complete history of plaintiff's billing dispute with NRS and CWC, TU negligently and/or willfully refused to delete the inaccurate and incomplete information.  Furthermore TU negligently and/or willfully failed to include a statement that the item was disputed, contrary to the requirements of 15 U.S.C. § 1681i(a); 15 U.S.C. § 1681s-2(a) and (b).

31.   Pursuant to 15 U.S.C.A. § 1681 et seq and 15 U.S.C. § 1692(e)(8), defendant NRS was and remains obligated to report plaintiff's disputed debt as disputed.

-8-

32.  NRS has failed and refused to correct the incomplete information submitted to consumer credit reporting agencies, including TU. NRS willfully and/or negligently failed to include a statement that plaintiff disputed the alleged debt in its report to TU.

33.  NRS and TU have and had an affirmative duty to conduct a reasonable reinvestigation of disputed information in a consumer credit report upon notification, which includes obtaining the original records concerning plaintiff's dispute from CWC.

34.  As a result of defendants' failure to conduct a reasonable reinvestigation of the disputed item in plaintiff's consumer credit report and failure to report the disputed debt as disputed, plaintiff has and continues to be damaged. Plaintiff is a high networth individual and the negative credit report issued by defendants has irreparably harmed plaintiff's good name, reputation and credit.

### AS AND FOR A FIRST CAUSE OF ACTION
(NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681s-2(b) against defendants NRS and TU pursuant to 15 U.S.C. § 1681o)

35.  Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

36.  On May 8, 2007, plaintiff notified TU concerning the disputed debt allegedly owed to defendant NRS.

-9-

37.  15 U.S.C. § 1681s-2(b) imposes an affirmative duty on NRS to conduct a reasonable reinvestigation of any item reported to a consumer reporting agency, such as TU, once it receives notice that an item reported to a consumer reporting agency is disputed.

38.  Upon receipt of plaintiff's notice, TU has and had a duty to notify NRS concerning plaintiff's dispute and TU has and had a duty to conduct a reasonable reinvestigation concerning the disputed NRS account.

39.  NRS has and had a duty to conduct a reasonable reinvestigation concerning plaintiff's dispute upon receiving notice of the dispute from TU.

40.  TU negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b) by not conducting a reasonable reinvestigation into plaintiff's dispute with NRS after receiving notification that the alleged debt to NRS and the underlying creditor CWC was the result of a billing dispute due to defective wireless service.

41.  NRS negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b) by not conducting a reasonable reinvestigation into the alleged debt owed by plaintiff.  NRS received notice from TU concerning the underlying nature of the alleged debt to CWC but refused to delete the disputed item from plaintiff's credit report.

-10-

42.   As a result of TU and NRS's negligent noncompliance with the requirements of the FCRA, plaintiff has suffered damages due to mental anguish, damage to reputation, embarrassment, humiliation and delay in obtaining credit in an amount to be determined at trial but believed to be in excess of one million dollars ($1,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION**
(WILFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681s-2(b) against defendant TU pursuant to 15 U.S.C. § 1681n)

43.   Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

44.   Plaintiff notified TU concerning the disputed debt allegedly owed to defendant NRS and provided information concerning the nature of the dispute.

45.   TU has and had a duty to report any inaccuracies and/or incompleteness concerning plaintiff's credit.  TU failed to report the full and complete nature of plaintiff's dispute concerning the alleged debt owed to NRS and CWC despite due notice from plaintiff

46.   TU's wilful noncompliance subjects TU to liability for punitive damages as provided by 15 U.S.C. § 1681n. Plaintiff claims punitive damages in the amount of one million dollars ($1,000,000.00).

47.   As a result of TU's wilful noncompliance plaintiff has suffered damages due to mental anguish, damage to

-11-

reputation, embarrassment, humiliation and delay in obtaining credit in an amount to be determined at trial but believed to be in excess of one million dollars ($1,000,000.00).

**AS AND FOR A THIRD CAUSE OF ACTION**
(WILFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681s-2(b)against defendant NRS pursuant to 15 U.S.C. § 1681n)

48.  Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

49.  NRS wilfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b) by failing and/or refusing to remove the disputed item after receiving due notice of plaintiff's dispute from TU.

50.  NRS wilfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b) by failing and/or refusing to report the disputed item as disputed as required by FRCA 15 U.S.C. § 1681 et seq. after receiving due notice of plaintiff's dispute from TU that the alleged debt to NRS and CWC was the result of a billing dispute due to defective wireless service.

51.  NRS's wilful noncompliance subjects NRS to liability for punitive damages as provided by 15 U.S.C. § 1681n. Plaintiff claims punitive damages in the amount of One Million Dollars ($1,000,000.00).

52.  As a result of NRS's wilful noncompliance plaintiff has suffered damages due to mental anguish, damage to

reputation, embarrassment, humiliation and delay in obtaining credit in an amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00).

**AS AND FOR A FOURTH CAUSE OF ACTION**
(WILFUL AND/OR NEGLIGENT NON-COMPLIANCE WITH THE FAIR CREDIT REPORTING ACT IN VIOLATION OF 15 U.S.C. § 1681n and 15 U.S.C. § 1681o against defendant NRS)

53.   Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

54.   Subsequent to being notified by TU of plaintiff's dispute concerning the contents of his Report NRS has been wilfully and/or negligently submitting inaccurate, misleading, and incomplete reports concerning plaintiff's general credit worthiness to consumer credit reporting agencies, including without limitation, defendant TU.  NRS's actions wilfully and/or negligently failed to comply with the requirements of FCRA 15 U.S.C. § 1681 et seq., which requires that NRS adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information.

55.   As a result of NRS's wilful and/or negligent noncompliance with the requirements of the FCRA plaintiff has suffered damages due to mental anguish, damage to reputation, embarrassment, humiliation and delay in obtaining credit in an

-13-

amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00).

56.  NRS's wilful noncompliance subjects NRS to liability for punitive damages as provided by 15 U.S.C. § 1681n. Plaintiff claims punitive damages in the amount of one million dollars ($1,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION
(WILFUL AND/OR NEGLIGENT NON-COMPLIANCE WITH THE FAIR CREDIT REPORTING ACT IN VIOLATION OF 15 U.S.C. § 1681n and 15 U.S.C. § 1681o against TU)

57.  Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

58.  TU wilfully and/or negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b) by failing to have a reasonable procedure in place to re-investigate disputes concerning inaccurate and incomplete information that is furnished to a consumer reporting agency.

59.  TU is a consumer-reporting agency within the definition of 15 U.S.C. § 1681a(f).  As a consumer reporting agency, TU regularly and for a fee submits reports containing information as to creditworthiness, credit standings, and other credit information on consumers to third parties, which information is used or expected to be used in whole or in part as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes.

-14-

60.  TU was notified by plaintiff concerning a disputed account and TU negligently failed to conduct a reasonable reinvestigation of the disputed item.

61.  TU has and had a duty under 15 U.S.C. § 1681s-2(b) to adopt reasonable procedures to assure that the information it supplied to third parties on consumers was fair and equitable to the consumer with regard to the accuracy and relevancy of such information.

62.  Due to TU's wilful and/or negligent failure to prepare its consumer reports, plaintiff was delayed in obtaining credit which resulted in his reputation being irreparably damaged due to the inaccurate information found in the Report.

63.  As a result of TU's wilful and/or negligent noncompliance with the requirements of the FCRA, plaintiff has suffered damages due to mental anguish, damage to reputation, embarrassment, humiliation and delay in obtaining credit in an amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00).

64.  TU's wilful noncompliance subjects TU to liability for punitive damages as provided by 15 U.S.C. § 1681n. Plaintiff claims punitive damages in the amount of one million dollars ($1,000,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION
(WILFUL AND/OR NEGLIGENT NON-COMPLIANCE WITH THE FAIR DEBT COLLECTION PRACTICES ACT IN VIOLATION OF 15 U.S.C. § 1692e(8) against defendant NRS)

65.  Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

66.  NRS received notice that plaintiff had a specific dispute concerning the alleged debt owed to CWC. Pursuant to 15 U.S.C. § 1692e(8) NRS has an obligation subsequent to receiving notice of a dispute to thereafter report the disputed debt as disputed.

67.  NRS violated 15 U.S.C. § 1692e(8) by failing to communicate to third parties, including without limitation TU, that plaintiff disputed the alleged debt to CWC.

68.  As a result of NRS's wilful and/or negligent noncompliance with the requirements of the 15 U.S.C. § 1692e(8), plaintiff has suffered damages due to mental anguish, damage to reputation, embarrassment, humiliation and delay in obtaining credit in an amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00).

69. NRS's wilful and/or negligent noncompliance subjects NRS to liability for statutory damages as provided by 15 U.S.C. § 1692k.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Credit Defamation against NRS and TU)

70.  Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

71.  On or about March, 2007, plaintiff was solicited by CITIBANK to apply for the Card.  Plaintiff applied and fully

-16-

expected to receive the Card.

72.   Plaintiff was denied the Card in whole or in part due to information reported by NRS to TU prior to receiving notice of the disputed item from TU.

73.   NRS and TU reported an open account subject to collection by a collection agency in the amount of $558.00 allegedly owed by plaintiff to CWC, which plaintiff has disputed since November 2006 due to CWC's defective wireless services.

74.   The information provided by NRS and/or TU is false and defamatory and NRS and/or TU and/or their representatives knew that the information was false when NRS reported the information to TU for inclusion in TU's credit report concerning plaintiff.

75.   The information was reported by NRS and/or TU willfully, maliciously and in wanton and reckless disregard of the truth and veracity of the same and with the intent to injure plaintiff's good name, reputation and credit.

76.   The information was reported by NRS and/or TU without adequate investigation or inquiry first being made to determine the truthfulness of the information reported.

77.   As a result of NRS and/or TU's false and defamatory statements being reported to TU and/or from TU to others, plaintiff has been injured in his good name and reputation and has been unduly delayed in obtaining credit.

-17-

Furthermore, as a result of NRS and/or TU's false and defamatory statements plaintiff has been forced to spend time and effort to repair his reputation and thereby suffered damages in amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00).

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

(a) On the First Cause of Action, against TU and NRS jointly and severally for an amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00) plus appropriate interest thereon;

(b) On the Second Cause of Action, against TU, for an amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00) plus appropriate interest thereon and punitive damages of One Million Dollars ($1,000,000.00);

(c) On the Third Cause of Action, against NRS, for an amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00) plus appropriate interest thereon and punitive damages of One Million Dollars ($1,000,000.00);

(d) On the Fourth Cause of Action, against NRS, for an amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00) plus appropriate interest

-18-

**JURY DEMAND**

Plaintiff demands a jury for all claims stated herein.

Dated:    New York, New York
          March 13, 2008

                              Respectfully submitted,


                              S/NEHEMIAH S. GLANC
                              NEHEMIAH S. GLANC, ESQUIRE
                              Attorney for Plaintiff
                              42 East 64th Street
                              New York, New York 10065
                              ph: 212-838-4811
                              fx: 212-838-4869
                              NSG 7264