UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON RICHARD GOLUB,

                Plaintiff,

- against -

TRANS UNION LLC and NATIONWIDE RECOVERY SYSTEMS, LTD.,

                Defendant.

No. 07 CV 6308 (JGK)

ANSWER OF DEFENDANT NATIONWIDE RECOVERY SYSTEMS, LTD. TO SECOND AMENDED COMPLAINT

      Defendant, Nationwide Recovery Systems, Ltd., ("Nationwide"), by its undersigned counsel, answers the Second Amended Complaint (the "Second Amended Complaint") as follows:

### THE PARTIES

      1.      Paragraph 1 of the Second Amended Complaint states a legal conclusion to which no response is required.

      2.      Paragraph 2 of the Second Amended Complaint states a legal conclusion to which no response is required..

      3.      Paragraph 3 of the Second Amended Complaint states a legal conclusion to which no response is required, but Nationwide admits that it is incorporated in the State of Delaware, with its principal office located in Carrollton, Texas.

### JURISDICTION

      4.      Paragraph 4 of the Second Amended Complaint states a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

5.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 5 of the Second Amended Complaint.

6.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 6 of the Second Amended Complaint.

7.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 7 of the Second Amended Complaint.

8.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 8 of the Second Amended Complaint.

9.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 9 of the Second Amended Complaint.

10.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 10 of the Second Amended Complaint.

11.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 11 of the Second Amended Complaint.

12.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 12 of the Second Amended Complaint.

13.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.    Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 14 of the Second Amended Complaint.

15.    Nationwide admits that Cingular Wireless LLC ("CWC") placed Plaintiff's account for collection with Nationwide.

16. Nationwide denies the allegations contained in Paragraph 16 of the Second Amended Complaint.

17. Nationwide denies the allegations contained in Paragraph 17 of the Second Amended Complaint.

18. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 18 of the Second Amended Complaint.

19. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 19 of the Second Amended Complaint.

20. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 20 of the Second Amended Complaint.

21. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 21 of the Second Amended Complaint.

22. Nationwide denies the allegations contained in Paragraph 22 of the Second Amended Complaint.

23. Nationwide denies the allegations contained in Paragraph 23 of the Second Amended Complaint, but admits that it reported Plaintiff's account had been placed for collection in the amount of $558.00. Plaintiff is without sufficient information or knowledge to either admit or deny whether Plaintiff's received defective wireless telephone service.

24. Nationwide denies the allegations contained in Paragraph 24 of the Second Amended Complaint.

25. Nationwide denies the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 26 of the Second Amended Complaint.

27. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 27 of the Second Amended Complaint.

28. Paragraph 28 of the Second Amended Complaint states a legal conclusion to which no response is required.

29. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 29 of the Second Amended Complaint.

30. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Paragraph 31 of the Second Amended Complaint states a legal conclusion to which no response is required.

32. Nationwide denies the allegations contained in Paragraph 32 of the Second Amended Complaint.

33. Nationwide denies the allegations contained in Paragraph 33 of the Second Amended Complaint.

34. Nationwide denies the allegations contained in Paragraph 34 of the Second Amended Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

35. Nationwide incorporates and repeats its response to Paragraph 1 through 34 of the Second Amended Complaint.

36. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 36 of the Second Amended Complaint.

37. Paragraph 37 of the Second Amended Complaint states a legal conclusion to which no response is required.

38. Paragraph 38 of the Second Amended Complaint states a legal conclusion to which no response is required.

39. Paragraph 39 of the Second Amended Complaint states a legal conclusion to which no response is required.

40. Paragraph 40 of the Second Amended Complaint states a legal conclusion to which no response is required.

41. Nationwide denies the allegations contained in Paragraph 41 of the Second Amended Complaint.

42. Nationwide denies the allegations contained in Paragraph 42 of the Second Amended Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION

43. Nationwide incorporates and repeats its response to Paragraph 1 through 42 of the Second Amended Complaint.

44. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 44 of the Second Amended Complaint.

45. Paragraph 45 of the Second Amended Complaint states a legal conclusion to which no response is required.

46. Paragraph 46 of the Second Amended Complaint states a legal conclusion to which no response is required.

47. Nationwide denies the allegations contained in Paragraph 47 of the Second Amended Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION

48. Nationwide incorporates and repeats its response to Paragraph 1 through 47 of the Second Amended Complaint.

49. Nationwide denies the allegations contained in Paragraph 49 of the Second Amended Complaint.

50. Nationwide denies the allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Nationwide denies the allegations contained in Paragraph 51 of the Second Amended Complaint.

52. Nationwide denies the allegations contained in Paragraph 52 of the Second Amended Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION

53. Nationwide incorporates and repeats its response to Paragraph 1 through 52 of the Second Amended Complaint.

54. Nationwide denies the allegations contained in Paragraph 54 of the Second Amended Complaint.

55. Nationwide denies the allegations contained in Paragraph 55 of the Second Amended Complaint.

56. Nationwide denies the allegations contained in Paragraph 56 of the Second Amended Complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION

57. Nationwide incorporates and repeats its response to Paragraph 1 through 56 of the Second Amended Complaint.

58. Paragraph 58 of the Second Amended Complaint states a legal conclusion to which no response is required.

59. Paragraph 59 of the Second Amended Complaint states a legal conclusion to which no response is required.

60. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 60 of the Second Amended Complaint.

61. Paragraph 61 of the Second Amended Complaint states a legal conclusion to which no response is required.

62. Nationwide denies the allegations contained in Paragraph 62 of the Second Amended Complaint.

63. Nationwide denies the allegations contained in Paragraph 63 of the Second Amended Complaint.

64. Paragraph 64 of the Second Amended Complaint states a legal conclusion to which no response is required.

## AS AND FOR A SIXTH CAUSE OF ACTION

65. Nationwide incorporates and repeats its response to Paragraph 1 through 64 of the Second Amended Complaint.

66. Nationwide denies the allegations contained in Paragraph 66 of the Second Amended Complaint.

67. Nationwide denies the allegations contained in Paragraph 67 of the Second Amended Complaint.

68. Nationwide denies the allegations contained in Paragraph 68 of the Second Amended Complaint.

69. Nationwide denies the allegations contained in Paragraph 69 of the Second Amended Complaint.

### AS AND FOR A SEVENTH CAUSE OF ACTION

70. Nationwide incorporates and repeats its response to Paragraph 1 through 69 of the Second Amended Complaint.

71. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 71 of the Second Amended Complaint.

72. Nationwide is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 72 of the Second Amended Complaint.

73. Nationwide denies the allegations contained in Paragraph 73 of the Second Amended Complaint, but admits that it reported Plaintiff's account had been placed for collection in the amount of $558.00. Plaintiff is without sufficient information or knowledge to either admit or deny whether Plaintiff's received defective wireless telephone service.

74. Nationwide denies the allegations contained in Paragraph 74 of the Second Amended Complaint.

75. Nationwide denies the allegations contained in Paragraph 75 of the Second Amended Complaint.

76. Nationwide denies the allegations contained in Paragraph 76 of the Second Amended Complaint.

77. Nationwide denies the allegations contained in Paragraph 77 of the Second Amended Complaint.

Nationwide denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph.

## AFFIRMATIVE DEFENSES

78. Plaintiff's claims are barred because Plaintiff failed to state a claim upon which relief can be granted against Nationwide.

79. Plaintiff's claim of Credit Defamation is preempted by the Fair Credit Reporting Act.

80. Plaintiff's claim of Credit Defamation is barred because the information on furnished by Nationwide was not false and/or Plaintiff's credit report was not false.

81. Plaintiff's claims are barred because Nationwide accurately and truthfully reported Plaintiff's account information.

82. Plaintiff's claims are barred because any harm suffered by Plaintiff was caused by Plaintiff's own conduct or the conduct of third parties over which Nationwide has no control or authority.

83. The claims contained in the Second Amended Complaint, which seek to recover punitive damages, violate the Constitution of the United States of America.

84. Plaintiff's claims are barred by the affirmative defense of justification.

85. Plaintiff's claims are barred by the affirmative defense of privilege.

**WHEREFORE**, Nationwide demands judgment dismissing Plaintiff's Second Amended Complaint with prejudice, and awarding Nationwide such additional relief as the Court deems just and proper.

Dated: New York, New York
April 16, 2008

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: ___/s/ Kevin T. Schutte___
   Kevin T. Schutte (Pro Hac Vice)

1445 Ross Avenue, Suite 3800
Dallas, TX 75202-2711
Telephone: (214) 758-1039
Facsimile: (214) 758-1010

ATTORNEYS FOR DEFENDANT,
NATIONWIDE RECOVERY SYSTEMS,
LTD.

Of Counsel:

BRACEWELL & GIULIANI LLP

Jeffrey I. Wasserman (JW-9619)
1177 Avenue of the Americas, 19th Floor
New York, New York 10036-2714
T: (212) 508-6100
F: (212) 508-6101

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record *via Electronic Case Filing* on April 16, 2008:

| | |
|---|---|
| Nehemiah S. Glanc<br>42 East 64th Street<br>New York, New York 10065 | Timothy P. Creech<br>Kogan, Trichon & Wertheimer, P.C.<br>1818 Market Street, 30th Floor<br>Philadelphia, PA 19103 |

                                                /s/ Kevin T. Schutte
                                                Kevin T. Schutte